Law Offices Of P. Randall Noah
P. Randall Noah, SBN 136452
21 Orinda Way, Suite C, #316
Orinda, CA 94563
Tel. (925) 253-5540
Fac. (925) 253-5542
Email: pnoah@ix.netcom.com
Attorney for Plaintiff,
Christopher Hawker

UNITED STATES DISTRICT COURT,

NORTHERN DISTRICT OF CALIFORNIA

CHRISTOPHER HAWKER,                      CASE NO.

      Plaintiff,                        COMPLAINT
                                  29 USC §1132(a)(1)(B)
vs.

THE PRUDENTIAL INSURANCE
COMPANY OF AMERICA,

      Defendant.
_____/

PLAINTIFF, CHRISTOPHER HAWKER, ALLEGES AS FOLLOWS:

**JURISDICTION**

1.    This action arises under the Employee Retirement
Income Security Act of 1974, 29 USC §§1001 et seq., and
more particularly 29 USC §1132(a)(1)(B) thereof.  This
court has jurisdiction under 29 USC §1132(f), which grants
to the federal courts concurrent jurisdiction to determine
claims under 29 USC §§1001 et seq.

2.    Venue is proper under 29 USC §1132(g) in that
defendant does business within the jurisdictional limits of
the United States District Court Northern District of

California, and entered into the contract at issue within the same jurisdictional limits.

    3.  Plaintiff is a resident of Reno, Nevada.

    4.  Plaintiff is informed and believes that Defendant, Prudential, was and is a Pennsylvania corporation, with its principal place of business in Newark, New Jersey.

### ALLEGATIONS CONCERNING RELIEF SOUGHT

    5.  Mr. Hawker, age 40, was employed as a Maintenance Technician at Tesla until physical and mental illness and disease forced him out on a work disability on January 17, 2019.  He has not worked since.  Prudential has found Mr. Hawker not disabled from his own occupation at Tesla, denying plaintiff Prudential disability insurance under his employer provided plan, which is also administered by defendant. Mr. Hawker worked in a high stress, fast paced environment, requiring high concentration and cognitive functioning, computer use and mobility to meet demanding and stressful work conditions to help keep a giant battery factory running.  Having previously determined Mr. Hawker was disabled under their insurance policy, Prudential reversed course and found Mr. Hawker was able to continuously work in his own occupation as a maintenance technician after March 1, 2020, even though Mr. Hawker required frequent medical treatment and in-patient care. Plaintiff's doctors found him permanently

disabled from employment from the date plaintiff stopped
working, through present and continuing.  Mr. Hawker's
benefits were denied without analysis or consideration of
how his current condition and medical illnesses would limit
his ability for full time employment as a maintence
technician.  Prudential never had Mr. Hawker examined.  Mr.
Hawker appealed defendant's denial of continuing long term
disability benefits and that appeal was denied, exhausting
his administrative remedy under the plan.

6.   When plaintiff was determined to be disabled in
January, 2019 there was in existence for employees of Tesla
covered by his group plan, including the plaintiff, a long-
term disability insurance plan through Prudential.

7.   The long-term disability insurance plan was to
provide disability payments to any employee covered by the
plan, including plaintiff, who suffered a total disability,
whether due to injury or illness.

8.   Plaintiff's mental and physical illness led to a
total disability from his occupation as a maintenance
technician, as determined by his medical doctors, and he
applied for benefits under the long-term disability
insurance plan administered by defendant.  Plaintiff's
application for benefits was based on the opinion of

3.

Complaint

plaintiff's treating physician that he could not return to work in his former occupation until his medical condition significantly improved.

9.    Plaintiff accordingly applied for benefits under defendant's long-term disability plan, and the claim was denied.  A Prudential employee determined that plaintiff's mental and physical diseases would not limit him from any duties as a full time maintenance technician.  Plaintiff appealed Prudential's decision in accord with the requirements of his policy.  The appeal was denied, exhausting the mandatory administrative appeals.

10.   The relevant portion of defendants' long term disability insurance policy states as follows:

"You are totally disabled when as a result of your sickness or injury you are unable to perform with reasonable continuity the substantial and material acts necessary to pursue your usual occupation: and you are not working in your usual occupation."

11.  Defendant breached their obligation under the long term disability plan by denying coverage for plaintiff's disability payments when plaintiff met all of the above criteria set forth in the definition of "Disability", arbitrarily relying on their own employees' and consultants' subjective determinations of the direct effects and symptoms of plaintiff's illness, while ignoring

4.
Complaint

the findings and conclusions of plaintiff's personal physicians.

13.  Plaintiff at all times herein mentioned has performed all the terms and conditions of the defendant's long term disability plan on his part to be performed.

14.  As a proximate result of defendant's failure and refusal to perform their obligations under the long term disability plan, plaintiff has been compelled to retain counsel to protect his rights under the plan, incurring legal fees and costs that are recoverable pursuant to 29 USC §1145.

WHEREFORE, plaintiff prays judgment against defendant as follows:

1.  For compensatory damages;

2.  For costs of suit herein;

3.  For pre-judgement interest;

4.  For reasonable attorney fees paid by plaintiff pursuant to 29 USC §1145;

5.  For such other and further relief as the court may deem proper.

DATED: April 14, 2022    Law Offices Of P. Randall Noah

By: /s/ P. Randall Noah
P. Randall Noah
Attorney for Plaintiff,
Christopher Hawker